UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Kelvin L. James,

Petitioner,

v.

Jeremy Bean,

Respondents.

Case No. 2:26-cv-00065-ART-MDC

ORDER

*Pro se* Petitioner Kelvin L. James commenced this habeas action by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging his state court conviction, an application to proceed *in forma pauperis*, and motions for appointment of counsel. ECF Nos. 1-1, 3, 5, 7. This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases.[1] For the reasons discussed below, the Court dismisses the petition as duplicative.

## I.    BACKGROUND

James challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. In September and October 2016, the state district court entered a judgment of conviction and amended judgment of conviction for voluntary manslaughter with use of a deadly weapon. The state district court sentenced James to an aggregate term of 96 to 240 months in prison. James did not file a direct appeal.

In April 2018, James filed a state postconviction habeas petition. The state district court denied the petition and it does not appear that James filed an appeal. In February 2024, he filed a second state postconviction habeas

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

petition. In May 2024, James filed a third state postconviction habeas petition. The second and third state postconviction habeas petitions appear to remain pending before the state district court. In addition, James has filed numerous *pro se* petitions for writ of mandamus with the Nevada appellate courts, which have all been denied.

In July 2024, James filed a federal habeas petition in an earlier case, *James v. Gitteres*, Case No. 3:24-cv-00286-ART-CSD.[2] The Court appointed James counsel and indicated that James must show cause why his petition should not be dismissed as time-barred and such case remains pending. In September 2024, James filed another federal habeas petition that was dismissed on screening as duplicative. *James v. Ely State Prison*, Case No. 2:24-cv-1652-RFB-NJK. In July 2025, James filed a third federal habeas petition that was dismissed on screening as duplicative. *James v. Bean*, Case No. 2:25-cv-1323-ART-MDC.

In January 2026, James dispatched the instant federal habeas petition for filing. ECF No. 1-1. The Court finds good cause to grant his IFP application. ECF No. 3. The Court denies his motions for appointment of counsel as moot. ECF Nos. 5, 7.

## II.    DISCUSSION

As discussed above, court records show that James filed a federal habeas petition in an earlier case. In the earlier filed case, the Court granted James's motion for appointment of counsel, provisionally appointing the Federal Public Defender to represent James. The petition in this case challenges the same state court conviction as James's earlier filed case. The petition in this case is therefore duplicative of that already pending petition. As a general matter, duplicative litigation is subject to dismissal under 28 U.S.C. § 1915. *See Cato v.*

---

[2] The Court takes judicial notice of the proceedings in James's earlier filed case: *James v. Gitteres,* Case No. 3:24-cv-00286-ART-CSD.

*United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (affirming duplicative litigation is "an independent ground for dismissal"); *Hernandez v. Denton*, 861 F.2d 1421, 1426 (9th Cir. 1988). Dismissal of a duplicative lawsuit "promotes judicial economy and the comprehensive disposition of litigation." *Adams v. California*, 487 F.3d 684, 689 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008).

Accordingly, the Court dismisses the instant petition without prejudice as duplicative. Any claims James wishes to pursue must be asserted, if at all, in Case No: 3:24-cv-00286-ART-CSD.

## III. CONCLUSION

**IT THEREFORE IS ORDERED:**

1. Petitioner Kelvin L. James's Petition for Writ of Habeas Corus (ECF No. 1-1) is dismissed without prejudice as duplicative.

2. The IFP application (ECF No. 3) is granted.

3. The motions for appointment of counsel (ECF Nos. 5, 7) are denied as moot.

4. To the extent necessary, a certificate of appealability is denied, as jurists of reason would not find dismissal of the petition to be debatable or wrong.

5. The Clerk of Court is instructed to enter judgment accordingly, dismissing this action without prejudice, and close this case.

DATED THIS 24th day of March 2026.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE